IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES HARPER, JR.,

      Petitioner,

v.                                                          CIVIL ACTION NO. 1:14cv137
                                                            (Judge Keeley)

ANNE MARY CARTER, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 18, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, and simultaneously paid the $5.00 filing fee. The petitioner is a federal inmate housed at FCI Morgantown and is challenging the validity of his sentence imposed by the United States District Court for the Eastern District of Kentucky. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. BACKGROUND [1]

Petitioner was arrested on February 12, 2004, pursuant to a criminal complaint. (Dckt. No. 1). The following day, he was released from custody by a United States Magistrate Judge on a personal recognizance bond. (Dckt. No. 4). On July 7, 2004, the United States filed a Notice of Intent

---

[1] The information contained in this section is taken from Petitioner's criminal docket in the Eastern District of Kentucky, including findings set forth in the Sentencing Memorandum and the Recommended Disposition of Petitioner's § 2255 motion. The document numbers refer to that criminal docket. See 6:04-cr-00057(available on PACER). Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. V. Coil, 887 F.2d 1236,, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

to File an Information and moved the Court to schedule a hearing regarding the matter. (Dckt. No. 14). The Court scheduled a hearing on the United States' motion on July 22, 2004. Petitioner was present in Court on July 22, 2004. However, prior to the time his case was called, he opted to leave the Courthouse and not return for the scheduled hearing. As a result of his failure to appear, a bench warrant was issued for his arrest. (Dckt. Nos. 8 & 9). In addition the United States Probation Office submitted a Bond Violation Report to the Court on July 26, 2004. A bond revocation hearing was held on July 28, 2004. Based upon his violations, Petitioner's personal recognizance bond was revoked, and he was remanded to the custody of the United States Marshal pending further proceedings. (Dckt. No. 11).

Petitioner entered a plea agreement in August 2004, and pleaded guilty to a single count Information based on a conspiracy to distribute methamphetamine. The information alleged:

> On or about a date in March 2002, the exact day unknown, and continuing through on or about December 2, 2003, in Pulaski and Rockcastle Counties, in the Eastern District of Kentucky, and elsewhere, James D. Harper, Jr. did conspire with others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

See Dckt. No. 16.

Petitioner's plea agreement outlined the essential offense elements, the supporting facts; the minimum and maximum statutory penalties; and the recommended (*i.e.*, non-binding) Guideline calculations. (Id.). The plea agreement explained that the statutory penalty was "not less than 10 years, nor more than life." (Id.).

Petitioner promised that he would "cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment [sic] and all related matters." (Dckt. No. 16, ¶ 9.). He also waived the "right to appeal and the right to attack collaterally the guilty plea, conviction, and

sentence." (Id., ¶ 8). Based on Petitioner's acceptance of responsibility, the United States pledged that it would recommend a three level decrease under U.S.S.G. § 3E1.1. (Id. ¶ 5(e)).

District Judge Karen Caldewell conducted Petitioner's plea hearing. (Dckt. No. 49). Petitioner pleaded guilty following the Rule 11 colloquy. Petitioner remained in detention pending sentencing. Based on recorded jail phone calls, the United States subsequently alleged that Petitioner was conducting drug transactions from the detention facility through his girlfriend. In addition, the recorded phone conversations showed that Petitioner's girlfriend was attempting to contact Judge Caldwell's family to influence his detention status. As a result of Petitioner's alleged drug activity, the United States objected to awarding acceptance of responsibility credit under § 3E1.1. (Dckt. No. 24). Judge Caldwell also recused herself because of the attempted improper contact. (Dckt. No. 29). Accordingly, Judge Danny Reeves received the case and conducted Petitioner's sentencing hearing. (Id.).

The sentencing hearing was conducted on March 14, 2005. During the course of that proceeding, the Court listened to several recorded conversations involving Petitioner while he was incarcerated at the Pulaski County Detention Center during late August and early September of 2004. As a result, the Court found that Petitioner was engaged in ongoing transactions with persons known to be involved in methamphetamine trafficking activities in the Pulaski County area. (Dckt. No. 37, p. 4). The Court also found disturbing Petitioner's conversations that indicated that he and his girlfriend engaged in a concerted effort to contact Judge Caldwell in an effort to modify the terms and conditions of his bond so that he could be released prior to sentencing. (Id.).

After hearing all the evidence, the Court determined – by clear and convincing evidence– that Petitioner's illicit post-plea drug activities included both marijuana and meth. (Dckt. No. 37, p.4). Furthermore, the Court rejected Petitioner's contention that the drug trafficking only included "small

amounts." (Id.). Because of Petitioner's intervening drug trafficking, the District Court found that Petitioner should not receive acceptance of responsibility credit under § 3E1.1. (Id., pp. 4-5).

Absent this credit, petitioners Guideline range was 151 to 188 months. (Dckt. No. 37, p. 6). Considering the factors set forth in 18 U.S.C. § 3553 (a) and Petitioner's improper attempt to contact Judge Caldwell's family, the District Court found that a sentence exceeding the Guideline range was necessary to "promote respect for the law." (Dckt. No. 37, p. 7). Therefore, the Court increased Petitioner's total offense level from 34 to 35 (with a criminal history category I). The resulting new Guideline range was 168 to 210 months. Finding that a sentence "at the upper level... would serve the purposes outlined in 18 U.S.C. § 3553(a)," that Court imposed a 210 month prison term. (Dckt. 37, p.7).

Petitioner appealed his sentence, but the Sixth Circuit enforced the waiver provision in the plea agreement. See United States v. Harper, No. 05-5450 (6th Cir. Jan. 26, 2007). Thereafter, Petitioner filed a § 2255 motion and supporting memorandum. Included within his claims, were an allegation that his sentence was unreasonable, violated 18 U.S.C. § 3553, and should have complied with the Guidelines. In addition, he alleged that the District Court improperly considered post-plea conduct as "relevant conduct" for guideline purposes. As well, he alleged that he did not receive proper notice before the District Court sentenced him above the Guideline range. (Dckt. No. 82, p. 7). The District Court denied Petitioner's motion to vacate his sentence on September 26, 2008. (Dckt. No. 83). On October 5, 2009, the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. (Dckt. No. 88).

### III. § 2241 PETITION

In his pending petition, Petitioner alleges that he pleaded guilty and should have been sentenced to 120 months. However, he contends that he received a 60 month enhancement for use

4

of a firearm.[2] In his memorandum of law in support of his petition, Petitioner cites to the decision issued in Alleyne v. United States, 133 S.Ct. 2151 (2010), and its "watershed" ruling in that case. Petitioner contends that under Alleyne, a judge cannot make an end-run around the jury as happened in his case. (Dckt. 1-1, p.8). For relief, Petitioner asks this court to remove his now improper enhancement of 60 months for a firearm and reduce his sentence.

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ANALYSIS

---

[2]In explaining this allegation, Petitioner contends that at the time of his arrest, agents found two weapons in the vehicle on his property. He maintains they were not illegal and after conviction, they returned to his family because they were not used in connection with a crime.

5

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and/or sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, the petitioner does not argue that he is imprisoned for an offense which is no longer a crime.[3] Rather, relying on Alleyne, he argues that he was improperly sentenced to 60 month gun enhancement despite the fact that he never admitted to anything that would justify such enhancement.

Petitioner's attempt to invoke the holding in Alleyne is misplaced for a number of reasons. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury.

---

[3]Clearly such a claim would be improper. Conspiracy to distribute 500+ grams of a mixture or substance containing methamphetamine remains a crime pursuant to 21 U.S.C. § 846.

See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

The substance of Petitioner's argument is that his sentence was enhanced by 60 months based on the sentencing court's determination that he was in possession of guns. Accordingly, Petitioner argues that his sentence enhancement must be vacated. Clearly, Petitioner misunderstands the basis for his sentence exceeding the mandatory minimum of 120 months, or the initial guideline range of 151 to 188 month.[4] The sentencing judge increased Petitioner's sentence because he did not believe his conduct would be adequately addressed or punished by a sentence within the sentencing range of 151 to 188 months. In particular, the Court found that a longer sentence was required to afford adequate deterrence to criminal conduct and promote respect for the justice system. In determining an appropriate sentence, the Court moved from offense level 34 to offense level 35 to determine whether a sentence within this range (168-210 months) would be appropriate. After conducting this evaluation, the Court found that a sentence at the upper limit of this range would serve the purposes outlined in 18 U.S.C. § 3553(a).

Moreover, even if Petitioner argued that his sentence was improperly enhanced by the Court's consideration of his conduct following his bond revocation, he still fails to establish a claim that would permit this Court to afford him relief under § 2241 based on Alleyne. A number of courts that

---

[4] The undersigned notes that Petitioner's belief that his sentence was increased by 60 months may stem from the fact that the criminal complaint filed on February 12, 2004, and pursuant to which he was arrested, alleged a violation of 18 U.S.C. § 924(c) which does carry a mandatory term of imprisonment of not less than 5 years in addition to the punishment for the drug trafficking crime. However, the Information did not allege a violation of 924(c), and the sentencing judge made no reference to that section of the criminal code. It would appear that terms of the plea agreement provided that pursuant to U.S.S.G. § 2D1.1, the base offense level was 32 and pursuant to U.S.S.G. § 2D1.1(b)(1), the base offense level should be increased by two levels for the presence of firearms.

have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. Moreover, in signing the plea agreement, Petitioner acknowledged that he faced a maximum sentence of life. Petitioner's sentence of 210 months, while more than he may have anticipated, clearly falls with the statutory minimum of ten years and maximum of life.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition (Dckt. 1) be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 17, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE