IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES HARPER JR.,

        Petitioner,

v.                   //    CIVIL ACTION NO. 1:14CV137
                                (Judge Keeley)

ANNE MARY CARTER, Warden,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE

The pro se petitioner, James Harper, Jr. ("Harper"), filed his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 18, 2014 (Dkt. No. 1). Harper, who is currently incarcerated at Federal Correctional Institution Morgantown ("FCI Morgantown"), challenges the validity of his conviction in the United States District Court for the Eastern District of Kentucky for conspiracy to distribute 500 grams or more of methamphetamine.

On April 17, 2015, United States Magistrate Judge John S. Kaull filed a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition with prejudice (Dkt. No. 11). On April 30, 2015, Harper filed objections to the R&R (Dkt. No. 13). For the reasons that follow, the Court **ADOPTS** the R&R and **DISMISSES** the petition with prejudice.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

BACKGROUND[1]

On February 12, 2004, Harper was arrested pursuant to a criminal complaint, and released the following day on a personal recognizance bond (Dkt. No. 11 at 1).  On July 7, 2004, the government filed a notice of intent to file an information, and the Eastern District of Kentucky scheduled a hearing to consider the motion on July 22, 2004.  Id. at 1-2.  Although Harper appeared at the courthouse on July 22, 2004, he left before his case was called and did not return for the scheduled hearing.[2]  Id. at 2.  As a result, the court issued a bench warrant for his arrest, and eventually revoked Harper's bond on July 28, 2004.  Id.

In August 2004, Harper signed a plea agreement and pleaded guilty to a one-count information, charging him with conspiracy to distribute 500 grams or more of methamphetamine.  Id.  Importantly, the plea agreement explained that the statutory minimum penalty was ten years of incarceration, while the statutory maximum penalty was

---

[1] As in the R&R, this background information comes from Harper's criminal case in the Eastern District of Kentucky, 6:04CR57.

[2] Harper contends that he left the courthouse because his common law wife, who was suffering from terminal cancer, became ill (Dkt. No. 13 at 3-4).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

imprisonment for life. Id. Harper waived his right to appeal and collaterally attack his guilty plea, conviction, and sentence, while the United States agreed to recommend a three-level decrease for Harper's acceptance of responsibility under United States Sentencing Guideline § 3E1.1. Id. at 2-3.

After Harper pleaded guilty, he remained in detention pending sentencing. Id. at 3. During that time, recorded telephone calls between Harper and his common law wife revealed that he was conducting drug transactions from the detention facility through her.[3] Id. Additional recorded telephone calls revealed that Harper's wife was attempting to contact the father of the presiding judge to influence Harper's detention status.[4] Id. As a result of Harper's post-plea misconduct, the United States objected to any reduction for acceptance of responsibility, and the presiding judge recused herself. Id.

---

[3] Harper contends that he told his wife to "pull up a couple of marajuana [sic] plants growing behind their residence and give them to an individual." (Dkt. No. 13 at 6).

[4] According to Harper, his wife asked who the presiding judge was, and they discussed speaking with that judge's father, whom the wife knew, to see "if anything could be done to help matters." (Dkt. No. 13 at 6). This idea, however, "never progressed beyond the conversation stage. The Judge's family was never contacted or spoken with in any way . . . ." Id.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

On March 14, 2005, United States District Judge Danny Reeves, who had received the case after the former judge's recusal, listened to the recorded jail conversations between Harper and his wife. Id. Judge Reeves found that Harper had engaged in ongoing transactions with persons known to be involved in methamphetamine trafficking activities in the area. Id. He was also disturbed by Harper's conversations with his wife about contacting the former presiding judge's father in an attempt to gain release pre-sentencing. Id.

Judge Reeves found, by clear and convincing evidence, that Harper's post-plea activities included both marijuana and methamphetamine, and ruled that he should not receive any deduction for acceptance of responsibility, a decision that increased Harper's guideline range to 151 to 188 months. Id. at 3-4. Judge Reeves also found that Harper's improper attempt to contact the former presiding judge's family warranted a sentence exceeding the guideline range in order to promote respect for the law. Id. at 4. Accordingly, Judge Reeves increased Harper's total offense level from 34 to 35, resulting in a new guideline range of 168 to 210 months, and imposed a sentence of 210 months, at the high end of the new guideline range. Id.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

On appeal, the United States Court of Appeals for the Sixth Circuit enforced the waiver provision in Harper's plea agreement. Id. Thereafter, Harper filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255, claiming that (1) his sentence was unreasonable; (2) the district judge should have complied with the guidelines; (3) the district judge improperly considered post-plea conduct as "relevant conduct;" and, (4) he did not receive proper notice before he was sentenced above the guideline range. Id. On September 26, 2008, the Eastern District of Kentucky denied Harper's § 2255 motion, and on October 5, 2009, the Sixth Circuit denied his application for a certificate of appealability. Id.

On August 18, 2014, Harper filed the instant § 2241 petition, arguing that he should have been sentenced to a term of 120 months, the statutory mandatory minimum (Dkt. No. 1). Instead, he contends, his sentence was improperly enhanced by 60 months for use of a firearm, in violation of Alleyne v. United States, 133 S.Ct. 2151 (2010), and Bryant v. Warden, FCC Coleman-Medium, 738 F.3d

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

1253 (11th Cir. 2013).[5]  Id.  Harper asks the Court to reduce his

sentence by 60 months to 150 months.  Id. at 8.

## STANDARD OF REVIEW

On review of a magistrate judge's R&R pursuant to 28 U.S.C. §

636, a court reviews de novo only that portion of the R&R to which

a timely objection has been made.  28 U.S.C. § 636(b)(1)(C).

Courts will uphold those portions of a recommendation as to which

no objection has been made, unless they are "clearly erroneous."

See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005).  Because Harper filed objections to the R&R, the

Court will review the R&R de novo.

## ANALYSIS

Harper argues that the district court should not have enhanced

his sentence by 60 months because Alleyne "extended the Sixth

Amendment right to a jury trial when dealing with facts that

trigger or increase the mandatory minimum sentence." (Dkt. No. 1-1

at 5).  According to Harper, Alleyne "should be retroactive on

---

[5] Harper argues that the firearms he possessed were lawfully
owned and not used in connection with a crime (Dkt. No. 1-1 at 7).
He contends that the firearms were returned to his family following
his sentencing, which would not have occurred had they been used in
connection with his offense.  Id.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

collateral review" because it created a new rule, and the Court can
rely on the savings clause in § 2255(e) to consider his petition.
Id. at 3-5.

A petitioner generally uses § 2241 to challenge the execution
of his sentence, not the illegality of the sentence itself. In re
Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Instead, a petitioner
may use § 2255 to challenge his conviction or the imposition of his
sentence. Id.

A petitioner may only use § 2241 to challenge his sentence
under the § 2255(e) savings clause when a § 2255 petition would be
"inadequate or ineffective to test the legality of his detention."
28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).
Pursuant to In Re Vial, in the Fourth Circuit, a petitioner must
meet the following criteria to establish that § 2255 would afford
an inadequate or ineffective remedy:

> (1) [A]t the time of conviction, settled law
> of this circuit or the Supreme Court
> established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal
> and first § 2255 motion, the substantive law
> changed such that the conduct of which the
> prisoner was convicted is deemed not to be
> criminal; and (3) the prisoner cannot satisfy
> the gatekeeping provisions of § 2255 because
> the new rule is not one of constitutional law.

7

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

<u>Jones</u>, 226 F.3d at 333-34. Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." <u>Phillips v. Francis</u>, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009), aff'd, 332 Fed. Appx. 103 (4th Cir. 2009) (citing <u>Vial</u>, 115 F.3d at 1194 n. 5).

Harper fails to meet the requirements of <u>Jones</u> because his offense of conviction, conspiracy to distribute 500 or more grams of methamphetamine, remains a crime. 18 U.S.C. § 1846. Additionally, § 2255 would not be an inadequate or ineffective remedy merely because Harper is time-barred from filing a subsequent § 2255 motion. <u>Phillips</u>, 2009 WL 779040.

Even if his offense of conviction were no longer a crime, however, Harper's reliance on <u>Alleyne</u> for the principle that he was improperly sentenced to 60 additional months of imprisonment is misplaced. In <u>Alleyne</u>, the petitioner was convicted by a jury of using or carrying a firearm during a crime of violence, which carried a mandatory minimum sentence of five years. 133 S.Ct. at 2156. The jury did not find, however, that the petitioner "brandished" the firearm, a finding that would have increased the mandatory minimum sentence to seven years. <u>Id.</u> At sentencing, the

8

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

court found, by a preponderance of the evidence, that the
petitioner had brandished the firearm and sentenced him to seven
years, a decision affirmed on appeal.[6]  Id.   In Alleyne, the
Supreme Court reaffirmed the principle that "[t]he touchstone for
determining whether a fact must be found by a jury beyond a
reasonable doubt is whether the fact constitutes an 'element' or
'ingredient' of the charged offense." Id. at 2158.  Accordingly,
it held that facts increasing "the mandatory minimum sentence are
therefore elements and must be submitted to the jury and found
beyond a reasonable doubt." Id.  The Supreme Court stressed,
however, that the ruling in Alleyne "does not mean that any fact
that influences judicial discretion must be found by a jury.  We
have long recognized that broad sentencing discretion, informed by
judicial factfinding, does not violate the Sixth Amendment." Id.
at 2163.

     The Supreme Court's ruling in Alleyne does not mean that every
sentencing enhancement must be found by a jury, beyond a reasonable
doubt.  See id.  See also Patterson v. United States, 2015 WL

---

     [6] This finding was in accordance with the law at the time, as
reflected in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406
(2002).  The Supreme Court overruled Harris in Alleyne.  133 S.Ct.
at 2163.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

179570 at *5 (W.D.N.C. Jan. 14, 2015) (finding that the petitioner's firearm enhancement only increased his guideline range, and was a question of fact for the sentencing court, and not the jury); Billups v. Deboo, 2014 WL 4102479 at *2 (N.D.W. Va. Aug. 13, 2014) (Bailey, J.) (denying the petitioner relief from a two-level firearm enhancement under Alleyne). Rather, it means that facts increasing the mandatory minimum penalty must be found by a jury. Id. at 2158.

It is undisputed that Harper was subject to a mandatory minimum penalty of ten years. It is also undisputed that Harper's mandatory minimum sentence was not increased by Judge Reeves. Rather, Judge Reeves applied a two-level enhancement for Harper's possession of a firearm, a decision that increased Harper's sentencing guideline range to 151-188 months (Dkt. No. 11 at 8).[7]

Harper's firearm enhancement, however, was not the most significant factor driving his sentence. After considering Harper's egregious post-plea conduct, Judge Reeves increased his

---

[7] As outlined in Magistrate Judge Kaull's thorough R&R, Harper's base offense level was 32, and, as provided in the plea agreement, Judge Reeves found that a two-level enhancement for firearms applied, increasing Harper's adjusted offense level to 34 (Dkt. No. 11 at 8, n. 4). Judge Reeves then increased Harper's total offense level to 35 because he did not believe that a lower sentence would adequately deter or punish Harper.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

sentencing range to 168-210 months, and then sentenced him at the high end of that range. Id. at 8. This type of sentencing determination is "long recognized" to be within the district court judge's "broad judicial discretion," and does not violate Alleyne. 133 S.Ct. at 2163.

The opinion of the United States Court of Appeals for the Eleventh Circuit in Bryant, 738 F.3d 1253, is not to the contrary. There, the petitioner attempted to bring a § 2241 petition under the § 2255(e) savings clause after he was sentenced to 235 months. Id. at 1257. Under then relevant Eleventh Circuit precedent, Bryant's sentence was lawful because a concealed firearm offense was a "violent felony." United States v. Hall, 77 F.3d 398, 401-02 (11th Cir. 1996). Subsequently, however, the Supreme Court, in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008), "set forth a new standard to evaluate which crimes constitute violent felonies," and overruled Hall. Id.

The Eleventh Circuit concluded that the holding in Begay announced a substantive new rule, and used the § 2255(e) savings clause to apply it retroactively to Bryant's claim. Id. Bryant's sentence of 235 months, therefore, exceeded the 120-month statutory maximum penalty, and was vacated. Id. Aside from the fact that

11

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

Begay is inapplicable to Harper's current situation, the Court
declines Harper's invitation to adopt the analysis in Bryant
because Fourth Circuit case law, and not that of the Eleventh
Circuit, controls.

The Fourth Circuit has declined to hold that Alleyne is
retroactively applicable to cases on collateral review. See, e.g.,
United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting
that Alleyne has not been made retroactively applicable on
collateral review); Billups v. Deboo, 2014 WL 4102479 at *2 (N.D.W.
Va. Aug. 13, 2014) (Bailey, J.) (same).  Furthermore, even if
Alleyne, like Begay, was intended to be applied retroactively,
Harper still cannot meet the elements of the savings clause.

The Fourth Circuit has "confined the § 2255 savings clause to
instances of actual innocence of the underlying offense of
conviction," Darden v. Stephens, 426 Fed. Appx. 173, 174 (4th Cir.
2011)(per curiam), and has declined to extend it to "petitioners
challenging only their sentence."[8]  United States v. Poole, 531

---

[8] Although the concept of actual innocence in a §2255 petition
generally refers to actual factual innocence of the offense of
conviction, the Supreme Court has held that petitioners may
establish actual innocence in the context of capital sentencing.
Sawyer v. Whitley, 505 U.S. 333, 350 (1992).  Some circuits have
interpreted this holding as limiting actual innocence claims
strictly to the sentencing phase of capital cases, while others,

12

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

F.3d 263, 267 n. 7 (4th Cir. 2008).  Moreover, the strong

preference is that sentencing courts should generally address

sentencing errors under § 2255.  <u>United States v. Frady</u>, 456 U.S.

152, 182 n. 5 (1982) ("[Section] 2255 directs the prisoner back to

the court that sentenced him").  Only "in very limited

circumstances" can a distant federal court entertain a challenge to

another district court's actions.[9]  <u>Poole</u>, 531 F.3d at 267.

Here, Harper does not challenge his conviction, but, rather,

the application of the firearms enhancement to his sentence.

Consequently, "his 'actual innocence' argument concerning an

enhancement does not entitle him to relief under § 2241, as it 'is

not the type of argument that courts have recognized may warrant

---

including the Fourth Circuit, have extended the application to
§2255 petitions in the context of habitual offender enhancements.
<u>Compare</u> <u>United States v. Richards</u>, 5 F.3d 1369, 1371 (10th Cir.
1993), <u>with</u> <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494-5 (4th
Cir. 1999).

[9] The Fourth Circuit has stressed that "actual innocence
applies in non-capital sentencing only in the context of
eligibility for application of a career offender or other habitual
offender guideline provision." <u>Mikalajunas</u>, 186 F.3d at 495.  A
petitioner "claiming actual innocence of a sentencing factor . . .
[is] held to a much higher standard than [one] claiming actual
innocence of the underlying crime," and "must do so by 'clear and
convincing evidence.'" <u>White v. Rivera</u>, 2009 WL 1456712 (D.S.C. May
21, 2009) aff'd sub nom. <u>White v. United States</u>, 348 Fed. Appx. 868
(4th Cir. 2009) (citations omitted).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

---

review under § 2241.'" <u>White v. Rivera</u>, 518 F.Supp.2d 752, 757 n. 2 (D.S.C. 2007), aff'd 262 Fed. Appx. 540 (4th Cir. 2008) (citations omitted).

In conclusion, for the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 11), **OVERRULES** Harper's objections (Dkt. No. 13), and **DENIES WITH PREJUDICE** Harper's petition (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro</u> <u>se</u> petitioner, return receipt requested, and to enter a separate judgment order.

DATED: May 4, 2015.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE